IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE WOODS,

    Petitioner,               No. CIV S-07-1512 LEW GGH P

   vs.

SUE HUBBARD, Warden, et al.,

    Respondents.          ORDER

_____/

       Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

       Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

       Petitioner states as the sole ground of his petition the following: "petitioner is being subjected to cruel and unusual punishment and deprived of his due process by CDCR's[1] refusal to obtain the Director's signature on his psychiatric evaluation used to defer and revoke

---

[1] California Department of Corrections and Rehabilitation.

1

1 petitioner's liberty interest in violation of U. S. Constitution Amendments 8th and 14th and
2 California Constitution Article 4, Sec. 3, 3.5." Petition, p. 5. Petitioner then proceeds to take
3 issue with the CDCR's interpretation or application of specific state penal code sections having
4 to do with the manner of preparation of an inmate's psychological evaluation for the Board of
5 Parole Hearings (BPH). Petition, pp. 5-7.

Petitioner is apparently challenging the screen out by the CDCR of his administrative appeal of a two-year denial in 2003 by the BPH. The denial, according to petitioner, was based on his C-file and an inconclusive psychological evaluation, and the BPH evidently requested an updated psychiatric evaluation. On 4/13/05, petitioner received a psychological evaluation, which petitioner administratively appealed on 12/17/05 on the ground that he was being thereby subjected to an illegal CDCR policy in allowing the BPH to order psychological or psychiatric evaluations. On 1/5/06, Appeals Coordinator Cervantes rejected the appeal informing petitioner that he must write directly to the BPH, as the CDCR does not permit inmates to appeal BPH decisions. Petition, pp. 8-9.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

It is unclear by this action whether petitioner intends to challenge a parole denial made in 2003, or a possible subsequent parole denial in 2005, or, if, instead, the gravamen of this action is a challenge to the constitutionality of a particular procedure of the CDCR or to the administrative appeal process itself.

In Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005), the Supreme Court found that where petitioners sought relief that would "render invalid the state

procedures used to deny parole eligibility ... and parole suitability....," their claims did "not fall within the implicit habeas exception." If petitioner challenges the constitutionality of a CDCR procedure, he must proceed by way of an action under 42 U.S.C. § 1983.

If, on the other hand, petitioner intends to challenge the constitutionality of a particular parole decision, a habeas petition is the appropriate vehicle, but this petition will be dismissed with leave granted for petitioner to clarify the parole denial he is challenging and the basis therefor.

Should plaintiff file a civil rights complaint on the form to be provided, within thirty days from the date of this order, he is cautioned that, notwithstanding his in forma pauperis status, he will be assessed a filing fee in the amount of $350.00. See 28 U.S.C. §§ 1914(a), 1915(a).[2] Once plaintiff has filed an amended complaint or a petition, as appropriate, the court will determine whether this action must be re-designated as a civil right action pursuant to 42 U.S.C. § 1983. Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed.

The petition will be dismissed with leave granted for petitioner to file an amended petition or, as plaintiff, a civil rights action, within thirty days. Petitioner is directed to make use of the appropriate form to be provided with this order.

Accordingly, IT IS ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. The petition is dismissed with leave to amend, within thirty days from the date of service of this order; petitioner may file an amended petition, pursuant to 28 U.S.C. § 2254, or a civil rights complaint, pursuant to 42 U.S.C. § 1983. Petitioner is cautioned that should he seek to proceed under § 1983, as a plaintiff, that he will be assessed the full $350.00 filing fee, although he will retain his in forma pauperis status. Failure to comply with this order will result

---

[2] All fees would be collected and paid in accordance with an order directed to the Director of the California Department of Corrections and Rehabilitation.

1  in a recommendation that this matter be dismissed; and

2        3. The Clerk of the Court is directed to send petitioner both the court's form for

3  filing a habeas petition, as well as the form for filing a prisoner civil rights action in this district.

4  DATED: 12/13/07

                                       /s/ Gregory G. Hollows

                                       UNITED STATES MAGISTRATE JUDGE

GGH:009
wood1512.dis